UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re* IMPERIAL CAPITAL BANCORP, INC., a Delaware corporation,<br><br>　　　　　　　　　　Debtor.<br><br>IMPERIAL CAPITAL D&O LITIGATION TRUST,<br><br>　　　　　　　　　　Appellant,<br><br>　　v.<br><br>NORVAL L. BRUCE, *et al.*,<br><br>　　　　　　　　　　Appellees. | Case No. 14-cv-1102 BAS (WVG)<br><br>Bankruptcy No. 09-19431-LA11<br><br>Adversary Proceeding No. 11-90354<br><br>**ORDER DENYING APPELLANT LEAVE TO APPEAL**<br><br>**[ECF 2]** |

　　　　Before the Court is Appellant Imperial Capital D&O Litigation Trust's motion for leave to appeal the bankruptcy court's partial granting of summary judgment in an underlying adversary proceeding. ECF 2. Because the summary judgment challenged was only partially granted, the present appeal is interlocutory. For the following reasons, Appellant's motion is **DENIED**.

**I. BACKGROUND**

　　　　On December 18, 2009, Imperial Capital Bank ("Bank") was closed by the

California Department of Financial Institutions, and the FDIC was appointed as the Bank's receiver. Imperial Capital Bancorp ("Holding Company") was the sole shareholder of the Bank. When the Bank was closed, the Holding Company filed for Chapter 11 bankruptcy.

Then, on November 28, 2011, the Official Committee of Unsecured Creditors ("Committee") filed a complaint seeking recovery against Defendants the directors and officers of the Holding Company, who also previously served in the same positions for the Bank. On December 12, 2011, in their amended answer, the defendants asserted that the Committee lacked standing to sue under the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA").

In the complaint, the Trustee (the Committee's successor) asserts that the defendants breached their fiduciary duties because they directed the Bank to acquire overly risky assets. The collapse of these assets allegedly led to the closure of the Bank.

Before the complaint could be filed, however, the Committee moved for permission to bring the action. The bankruptcy court held a hearing on October 6, 2011, at which the FDIC made a special appearance. At the hearing, counsel for the FDIC made it clear that he was "not going to argue at all the claim objection or the permission motion . . . because . . . those issues should be only argued to the district court [and] it could be construed as such that it's a waiver somehow[.]" Hr'g Tr. Oct. 6, 2011, 6:18–25, ECF 7-2. Because these arguments were explicitly not raised, the bankruptcy court did not address FIRREA when initially permitting the Committee to sue.

On March 5, 2014, the defendants moved for summary judgment. They argued that the Trustee lacked standing to sue because it was a derivative, not direct, claim and therefore only the FDIC had standing to bring it. The Trustee countered, stating that the bankruptcy court's prior ruling granting permission to sue constituted "law of the case" such that the bankruptcy court could not now

readdress standing, and that Delaware precedent colored all of the claims as direct. The bankruptcy court partially granted summary judgment, finding that some of the claims were derivative and therefore the Trustee had no standing to bring those claims. Because the other direct claims were permitted to proceed, this order was interlocutory.

On May 6, 2014, the Trustee moved for leave to appeal the interlocutory summary judgment order. ECF 2. On appeal, the Trustee seeks to re-raise the same arguments to oppose the summary judgment order. The Trustee argues the bankruptcy court erred when it determined:

> "(1) The law of the case doctrine did not apply to the issues raised in the D&Os summary judgment motion, specifically regarding the Bankruptcy Court's prior order granting standing to the Trust's predecessor to bring all of the claims asserted in the FAC.
> "(2) The Trustee's claims in the FAC belong to FDIC under FIRREA because they are derivative, when Delaware law designates the claims asserted by the Trustee as direct claims and not derivative claims.

Mot. for Leave to Appeal, 6:17–26, ECF 2.

## II. ANALYSIS

Federal district courts have discretionary jurisdiction over appeals of interlocutory orders from the bankruptcy courts. 28 U.S.C. § 158(a); Fed. R. Bankr. P. 8001(b), 8003. This discretion should be exercised "sparingly, [and] it should be the exception, rather than the rule." *United States Trustee v. PHM Credit Corp.*, 99 B.R. 762, 768 (E.D.Mich.1989). "Granting leave is appropriate if the order involves a controlling question of law where there is substantial ground for difference of opinion and when the appeal is in the interest of judicial economy because an immediate appeal may materially advance the ultimate termination of the litigation." *In re Kashani*, 190 B.R. 875, 882 (B.A.P. 9th Cir. 1995).

Here, the law in question is that of standing, an elemental jurisdictional requirement and therefore a controlling issue in whether these claims may proceed. Similarly, if this appeal had merit, it would be in the interest of judicial economy to

1  address these legal issues now, instead of at the end of litigation. Even so, the law
2  on both grounds raised by Appellant is so clear-cut as to leave no substantial
3  ground for differences of opinion. Therefore while two factors may weigh in favor
4  of granting leave to appeal, since there is no legitimate difference of legal opinion
5  the request is denied. In summary: the bankruptcy court granted summary
6  judgment against Appellant because clear legal precedent established that
7  Appellant's suit was derivative, and therefore the cause of action belongs to the
8  FDIC under FIRREA.

9  First, Appellant claims that the law of the case prevented the bankruptcy
10 court from adjudicating the merits; it plainly does not. *United States v. Houser*, 804
11 F.2d 565, 567 (9th Cir. 1986), quoting Fed. R. Civ. P. 54(b) ("All rulings of a trial
12 court are 'subject to revision at any time before the entry of judgment.'") The
13 previous ruling on permission to sue was made by the bankruptcy court and was
14 not appealed. As such, it is an interlocutory order. Further, standing can be
15 addressed at any time. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560
16 (1992).

17 Even if law of the case doctrine did apply, the bankruptcy court did not
18 address the merits of the standing argument in its initial ruling. While there was
19 some discussion of it at the hearing on the motion for permission, Appellant does
20 not point to a clear ruling that could implicate *res judicata*. Simply permitting the
21 suit to proceed did not constitute a ruling, in and of itself.

22 Second, Appellant claims the bankruptcy court failed to apply Delaware law,
23 yet the Delaware case cited relies on California law on this point. *See Case Fin.,*
24 *Inc. v. Alden*, No. CIV. A. 1184-VCP, 2009 WL 2581873, at *7 (Del. Ch. Aug. 21,
25 2009), citing *Pointe San Diego Residential Cmty., L.P. v. W.W.I. Props., L.L.C.*,
26 2007 WL 1991205, at *8–10 (Cal.App. July 11, 2007). Further, Appellant
27 recognizes in its Opposition that "[t]he [Delaware] court noted it would come to
28 the same conclusion under California law." Opp. To Mot. Summ. J., 11, fn. 3, ECF

7-2. Lastly, the bankruptcy court did in fact apply Delaware law (*Alden*), and properly determined that some claims in Appellant's suit were direct. On that basis, the bankruptcy court partially denied summary judgment as to those claims.

In sum, the inapplicability of law of the case doctrine to the summary judgment order and the concert between Delaware law, California law, and the bankruptcy court's ruling leave no substantial differences of legal opinion on which to premise an interlocutory appeal.

### III. CONCLUSION

Because these are the only bases for the appeal, and they are without merit, the Court in its discretion **DENIES** Appellant's motion for leave to appeal. ECF 2.

**IT IS SO ORDERED.**

Dated: December 17, 2014

Hon. Cynthia Bashant
United States District Judge